

The following constitutes the order of the Court.
Signed: March 27, 2026

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re

SUSAN B. ELLIOTT,

               Debtor.

) Case No.: 19-50393 SLJ
)
) Chapter 13
)
)
)
)
)
)
)
)

## ORDER DENYING EX PARTE APPLICATION FOR ORDER SHORTENING TIME

     Debtor filed an Ex Parte Application for Order Shortening Time ("OST Application") to hear a Motion to Approve Financing of Real Property And Holding Funds Pending Resolution of Adversary Proceeding ("Motion"). The Motion has not been filed on the docket and is instead attached to the OST Application. According to the Motion, Debtor requests approval from the court to obtain a loan secured by Debtor's residence and an order directing the chapter 13 trustee ("Trustee") to hold the loan proceeds until the resolution of an adversary proceeding that Debtor filed against her mortgage lender (in 2023, almost four years into this case). Debtor notes that Trustee declined to approve the loan due to the uncertainty of how long she would

ORDER DENYING EX PARTE APPLICATION FOR ORDER SHORTENING TIME     -1-

have to hold the funds. Debtor reasons she needs an OST because escrow on the loan closes on April 10, 2026.

The OST Application is denied. The movant failed to file a declaration addressing each of the requirements of BLR 9006-1(c), so it is defective.

Even if there were grounds to shorten time, there is no reason to do so here. The Motion requests two forms of relief. Only the first, to approve a borrowing, has any urgency whatever. By this Motion, Debtor requests the court overrule Trustee's disapproval of her request to borrow money. That is not possible because the court lacks authority to approve the loan. The Motion relies on § 363(b), (f) and (h). None of these apply because Debtor is not seeking to "use, sell, or lease" property of the estate.[1]

For the sake of discussion, even if Debtor relied on the correct statute, § 364, the request would not be granted. That provision, as the court has held repeatedly, only applies to a chapter 13 debtor who is "engaged in business." 11 U.S.C. § 1304(b); *see In re Fields*, 551 B.R. 424 (Bankr. D. Minn. 2016)("There is nothing in the Bankruptcy Code that requires court authorization for a debtor in chapter 13 who is not 'engaged in business' to incur postpetition debt or to obtain credit."). Debtor is not in business so § 364 is inapplicable.

Debtor also requests, without any citation to legal authority, that the court enter an order requiring Trustee to hold the loan proceeds for an indefinite period. The court is not aware of any law that could support such an order. This case is almost at term and, if it is not complete by the end of 84 months, Trustee likely will move to dismiss it. Chapter 13 trustees do not hold

---

[1] Also worth noting that even if § 363 were the appropriate statute, Debtor's residence is no longer property of the estate so § 363 is inapplicable. Pursuant to the confirmed plan, property of the estate revested in Debtor upon confirmation and "Debtor may sell, refinance or execute a loan modification regarding real or personal property without further order of the court with the approval of Trustee." *See, e.g., In re CDC Props. I, LLC*, 2020 WL 1416883, at *6 (Bankr. W.D. Wash. Jan. 22, 2020) ("11 U.S.C. § 363 only applies to sales by bankruptcy estates."); *In re Crowder*, 2025 WL 3465900, at *2 (Bankr. C.D. Ill. Dec. 2, 2025) (Post-confirmation, "Debtors do not need permission to use or sell that property; the notice and hearing requirements of § 363 (applicable to Chapter 13 debtors through 11 U.S.C. § 1303) apply only to 'property of the estate.'").

Case: 19-50393     Doc# 71     Filed: 03/27/26     Entered: 03/27/26 15:08:34     Page 2 of 4

funds for cases that are dismissed. But practically speaking, this will all occur several months from now. The court cannot see how an order shortening time is warranted at this stage.

For the foregoing reasons,

IT IS HEREBY ORDERED the OST Application is DENIED.


*** END OF ORDER***

Case: 19-50393    Doc# 71    Filed: 03/27/26    Entered: 03/27/26 15:08:34    Page 3 of 4

**COURT SERVICE LIST**

ECF Notifications

Case: 19-50393     Doc# 71     Filed: 03/27/26     Entered: 03/27/26 15:08:34     Page 4 of 4

UNITED STATES BANKRUPTCY COURT
for the Northern District of California